## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## EASTERN DISTRICT OF TENNESSEE

In re

MARK ANTHONY BUNCH
ANGELA YVETTE BUNCH

        Debtors

Case No. 3:22-bk-30972-SHB
Chapter 7

F. SCOTT MILLIGAN, TRUSTEE

        Plaintiff

        v.

HAROLD E. PARTON

        Defendant

Adv. Proc. No. 3:23-ap-03014-SHB

## MEMORANDUM ON MOTION FOR SUMMARY JUDGMENT

**APPEARANCES**:    F. SCOTT MILLIGAN, ESQ.
                    P.O. Box 12266
                    Knoxville, Tennessee 37912
                    Attorney for Plaintiff

                    HAROLD E. PARTON
                    1854 Walnut Grove Road
                    Sevierville, Tennessee 37876
                    Pro Se Defendant

**SUZANNE H. BAUKNIGHT**
**UNITED STATES BANKRUPTCY JUDGE**

Plaintiff filed the Adversary Complaint to initiate this adversary proceeding on June 2, 2023 [Doc. 1].  Plaintiff seeks to avoid and recover for the benefit of Debtors' bankruptcy estate any interest in real property at 1862 Newport Highway, Sevierville, Sevier County, Tennessee 37876 ("Property") that might belong to Defendant from any unrecorded deed of trust signed by Debtors.  On the same day that Plaintiff served Defendant with the Summons and Complaint [Doc. 4], Plaintiff filed and served on Defendant a Motion for Summary Judgment ("Motion") with a Statement of Undisputed Material Facts and supporting brief [Docs. 5-7].  Defendant has neither answered the Complaint nor responded to the Motion.

Through the Motion, Plaintiff seeks judgment as a matter of law that an alleged unrecorded deed of trust held by Defendant has no effect as to Plaintiff's interests as trustee under 11 U.S.C. § 544, that the Property is an unencumbered asset of Debtors' bankruptcy estate under 11 U.S.C. § 550(a)(1), and that any deed of trust is null and void as it relates to Debtors' property interest that Debtors might have intended to transfer to Defendant under Tennessee Code Annotated sections 66-26-101 and/or -103.

"A failure to timely object to a motion will be construed to mean that the respondent did not oppose the relief requested by the motion. After the time for filing an objection has expired, the court may rule on the motion without a hearing. . . ." E.D. Tenn. LBR 7007-1(a).  Thus, the Court construes Defendant's failure to respond to the Motion as a lack of opposition.  Because Plaintiff has presented undisputed facts that show he is entitled to judgment as a matter of law on the avoidance of any lien that might otherwise benefit Defendant, the Court must grant Plaintiff's Motion under 11 U.S.C. §§ 544(a) and 550(a)(1).

## UNDISPUTED MATERIAL FACTS

Plaintiff's Statement of Undisputed Facts establishes the following facts, which are deemed admitted pursuant to E.D. Tenn. LBR 7056-1(b) in the absence of a timely response by

Defendant.[1]  Debtors filed the Voluntary Petition commencing their Chapter 7 bankruptcy case

on June 28, 2022, and Plaintiff was appointed as the Chapter 7 Trustee. [Doc. 6 at ¶ 1.]  Debtors

listed the Property, which they acquired from Defendant by a general warranty deed in

December 2019, as jointly owned on their Schedule A/B. [*Id*. at ¶¶ 3-4.]  Debtors identified

Defendant as a secured creditor on their Schedule D, indicating that Defendant held a mortgage

against the Property to secure debt owed by Debtors to Defendant. [*Id*. at ¶ 5.]

A Warranty Deed was recorded with the Sevier County Register of Deeds on April 22,

2021. [*Id*. at ¶ 4.]  Although Defendant reportedly employed an attorney to prepare a promissory

note, bill of sale, and deed of trust pertaining to his sale and reported financing of the Property to

Debtors, as of June 28, 2022, no lien, mortgage, or deed of trust had been recorded against the

Property or Debtors in favor of or to benefit Defendant. [*Id*. at ¶¶ 6-7.]

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56, which is applicable to adversary proceedings through

Federal Rule of Bankruptcy Procedure 7056, provides that "[t]he court shall grant summary

judgment if the movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law."  When deciding a summary judgment motion,

the Court may not weigh the evidence to determine the truth of the matter asserted but

determines whether a genuine issue for trial exists, and "[o]nly disputes over facts that might

affect the outcome of the suit under the governing law will properly preclude the entry of

summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

As movant, regardless of whether Defendant has opposed the Motion, Plaintiff bears the

burden of proving that the record before the Court establishes that there is no genuine dispute

---

[1] "Absent a response in accordance with the requirements of [responses to motions for summary judgment], the material facts set forth in the movant's statement will be deemed admitted." E.D. Tenn. LBR 7056-(b).

concerning any material fact and that he is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986); *Owens Corning v. Natl' Union Fire Ins. Co.*, 257 F.3d 484, 491 (6th Cir. 2001).  "A genuine issue of material fact exists when 'there is sufficient evidence favoring the nonmoving party for a [fact-finder] to return a verdict for that party.'" *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (quoting *Anderson*, 477 U.S. at 249).

The Court must view the facts and all resulting inferences in a light most favorable to the non-moving party and decide whether the record "presents a sufficient disagreement to require submission to a [fact-finder] or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 243.  Summary judgment is appropriate only if the factfinder could not find for the non-moving party based on "the record taken as a whole." *Matsushita*, 475 U.S. at 587.

## CONCLUSIONS OF LAW

Plaintiff requests summary judgment under 11 U.S.C. § 544(a), claiming that Defendant's December 2019 transfer of the Property to Debtors included a possible property interest in Defendant that is null and void as to Plaintiff, who stands in the role of a hypothetical lien creditor and/or bona fide purchaser without notice of the purported transfer.  Plaintiff asserts that no deed of trust benefitting Defendant was recorded at the time Debtors filed their bankruptcy petition so that any such executed deed of trust was rendered null and void as it relates to Debtors' interest in the Property under Tennessee Code Annotated section 66-26-101 and -103, resulting in the legal conclusion that the Property is unencumbered as it relates to Defendant.  As a result, Plaintiff asserts that the avoided transfer is recoverable for the benefit of the bankruptcy estate pursuant to 11 U.S.C. § 550(a)(1).

**A. Avoidance Under § 544(a)**

The filing of Debtors' bankruptcy petition created an "estate" consisting of "all legal or equitable interests of the debtor[s] in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).  Plaintiff, as the Chapter 7 Trustee, became the representative of the bankruptcy estate under 11 U.S.C. § 323(a), which imbued him with the authority to "collect and reduce to money the property of the estate . . . and close such estate as expeditiously as is compatible with the best interests of parties in interest." 11 U.S.C. § 704(a)(1).  A trustee's rights in property under § 541(a)(1), as a successor to the debtor, include all legal or equitable interests of the debtor as of commencement of the case, though such rights generally are no greater than the rights of the debtor on the petition date. *In re Klinger*, No. 18-33456, 2020 WL 1671555, at *3 (Bankr. N.D. Ohio Apr. 1, 2020) (citing *Demczyk v. Mut. Life Ins. Co. of NY (In re Graham Square, Inc.)*, 126 F.3d 823, 831 (6th Cir. 1997)).  Nonetheless, because § 541(a)(3) and (4) bring into the bankruptcy estate property that the debtor does not own but that the trustee can recover for the benefit of creditors under one or more of  the so-called "strong-arm" powers, including § 544, property of the bankruptcy estate is not limited to the debtor's rights on the petition date. *See* 11 U.S.C. § 541(a).

Section 544(a) provides:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

> > (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists [or];

> > (2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to

such credit, an execution against the debtor that is returned unsatisfied at
such time, whether or not such a creditor exists[.]

11 U.S.C. § 544(a)(1), (2).

In other words, as explained by the Sixth Circuit Court of Appeals, "[b]ankruptcy trustees, in exercising their avoidance powers, may succeed to the rights of judicial lien creditors, execution creditors, and bona fide purchasers." *Harker v. PNC Mortg. Co. (In re Oakes)*, 917 F.3d 523, 528 (6th Cir. 2019). Then, "[t]he trustee acting as a judicial lien creditor is deemed to have perfected his interest as of the date of the filing of the bankruptcy." *Id.* at 529. This means that the trustee (acting as a judicial lien creditor) may "'take priority over or "avoid" security interests that are unperfected under applicable state law.'" *Id.* (quoting *Rogan v. Litton Loan Serv., L.P. (In re Collins)*, 456 B.R. 284, 293 (B.A.P. 6th Cir. 2011); *Rogan v. Bank One, N.A. (In re Cook)*, 457 F.3d 561, 564 (6th Cir. 2006)).

Ultimately, under the strong-arm powers of § 544(a), "the bankruptcy [t]rustee is in the same position, with respect to real estate, as if he were a bona fide purchaser . . . who bought the property from the debtor on the filing date and simultaneously perfected the transfer by recording a deed." *Waldschmidt v. Bank of Am. N.A. (In re Wheeler)*, No. 12-02452, 2012 WL 5306001, at *3 (Bankr. M.D. Tenn. Oct. 26, 2012) (quoting *In re Reasonover*, 236 B.R. 219, 227 (Bankr. E.D. Va.1999)). State law then determines the rights and powers of the trustee as a hypothetical judgment lien creditor or bona fide purchaser. *Isaacs v. DBI-ASG Coinvestor Fund, III, LLC, (In re Isaacs)*, 895 F.3d 904, 908 (6th Cir. 2018) ("Section 544(a) then allows the trustee to avoid any lien that is inferior to the interest held by either of those hypothetical parties, as determined by the relevant state law governing priorities.")

Here, Tennessee statutes supply the applicable law governing priorities in real property. Specifically, under Tennessee Code Annotated section 66-26-101, any deed, deed of trust, or

mortgage "shall have effect between the parties to the same, and their heirs and representatives, without registration; but as to other persons, not having actual notice of them, only from the noting thereof for registration on the books of the register, unless otherwise expressly provided." Section 66-26-103 also makes null and void "[a]ny instruments not so registered, or noted for registration, . . . as to existing or subsequent creditors of, or bona fide purchasers from, the makers without notice."

Under similar circumstances – in which the debtor's father held an unrecorded deed for real property that was owned of record by the debtor – another bankruptcy court explained the legal result in clear terms:

> Under § 544(a)(3), a trustee steps into the shoes of a bona fide purchaser of the real property who has perfected the transfer at the time the bankruptcy case is filed. 11 U.S.C. § 544(a)(3). In order words, "the trustee hypothetically purchases the debtor's property at the commencement of the bankruptcy case, then determines whether [the property] is subject to any valid prior interests." *In re Biggs*, 377 F.3d 515, 517 (6th Cir. 2004); *see also Geygan v. World Savs. Bank, FSB (In re Nolan)*, 383 B.R. 391, 397 (B.A.P. 6th Cir. 2008) ("The legal fiction created by [§ 544(a)] assumes a transfer from the debtor to a bona fide purchaser on the date of filing. The trustee is then clothed with whatever legal rights the bona fide purchaser would possess." (internal quotation marks omitted)).

*Hardesty v. Horn (In re Horn)*, 606 B.R. 747, 750 (Bankr. S.D. Ohio 2019).

Continuing with the legal conclusion that applies here, the court stated:

> As of the Petition Date, [Defendant] was merely the holder of an unrecorded deed. As between . . . Debtor[] and [Defendant], [Defendant] was the proper owner of the Property. . . . But because that deed was unrecorded as of the [p]etition [d]ate, as between [Defendant] and [Plaintiff], [Plaintiff] as a hypothetical bona fide purchaser prevails.

*Id.* (citations omitted).

Similarly, here, the record establishes that Debtors were record owners of the Property on which no deed of trust in favor of Defendant was recorded as of the petition date. Thus, Plaintiff, as a hypothetical bona fide purchaser at the commencement of the bankruptcy case,

assumed the legal rights of any other bona fide purchaser in Tennessee.  Simply, Plaintiff has

established as a matter of law that he is entitled to avoid any right that Defendant might have in

the Property by virtue of any executed, but unrecorded, deed of trust that might exist.

**B.  Recovery Under § 550**

With the § 544(a) avoidance of any right of Defendant in the Property, Plaintiff is entitled

to recover the Property for the benefit of the estate under 11 U.S.C. § 550, which provides that

"to the extent that a transfer is avoided under § 544 . . . , the trustee may recover [the property

transferred] for the benefit of the estate[.]"  Plaintiff's recovery of the Property is unencumbered

and clear of any purported interest of Defendant in the Property.

## <u>CONCLUSION</u>

For the reasons explained herein, there exists no genuine issue of material fact.  Plaintiff

is entitled to judgment as a matter of law against Defendant pursuant to 11 U.S.C. § 544(a) so

that any interest of Defendant in the Property is avoided, and Plaintiff may recover the Property

unencumbered of any interest of Defendant for the benefit of Debtors' bankruptcy estate under

11 U.S.C. § 550.  A Judgment consistent with this Memorandum will be entered.

FILED:  September 8, 2023

BY THE COURT

*s/ Suzanne H. Bauknight*

SUZANNE H. BAUKNIGHT
UNITED STATES BANKRUPTCY JUDGE